IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GIDEON R. BEATTY, IV,**

      Petitioner,

v.                                      **Civil Action No. 1:11-cv-196**
                                       **Criminal Action No. 1:07-cr-66-05**

**UNITED STATES OF AMERICA**

      Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I.    INTRODUCTION

On December 12, 2011, the *pro se* petitioner, Gideon R. Beatty, IV ("Petitioner"), filed a Motion pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On June 21, 2011, after conducting a preliminary review of the petition, this Court noted that the petition was untimely, finding that Petitioner did not file his petition until two and a half years after the statute of limitations had expired. Therefore, pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), this Court informed Petitioner that his § 2255 petition would be recommended for dismissal unless he could demonstrate that he is entitled to have the statute of limitations equitably tolled and/or that his motion was timely filed. On February 28, 2012, Petitioner filed his response to the Braxton Notice, arguing that his attorney's abandonment of his case excused his untimeliness. Following review of Petitioner's motion and

Petitioner's reply, the undersigned Magistrate Judge now issues this Report and Recommendation to the District Judge.

## II. FACTS

### A. Conviction and Sentence

On July 16, 2007, Petitioner was indicted on one count of conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii); one count of aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Petitioner pled not guilty and following a two-day trial, on October 30, 2007, the jury found him guilty on all counts.

On March 31, 2008 the Court held a sentencing hearing. The sentencing court sentenced Petitioner to a term of 165 months as to Count 1, to run concurrently with Counts 6 and 7, five years of supervised release and a $100 special assessment fee and 165 months as to Counts 6-7 and three years of supervised release, each to run concurrently, and a $100 special assessment fee for each Count.

### B. Appeals

On February 4, 2008, Petitioner filed a Notice of Intent to Appeal but the appeal was never pursued. On February 20, 2009, Petitioner filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine offense under 18 U.S.C. § 3582. His motion was denied on May 19, 2009, and although Petitioner appealed the judgment to the Fourth Circuit, it affirmed the district court's decision on June 4, 2010. On January 31, 2012, Petitioner filed a Notice of Appeal of the Court's Order Reducing Sentence regarding Crack

Cocaine Offense, issued upon the Court's own motion, but it has not yet been decided. Petitioner filed no other appeals.

**C.    Federal Habeas Corpus**

Petitioner filed the instant 28 U.S.C. § 2255 habeas petition claiming his counsel was ineffective for failing to notify him of the adverse disposition of his direct appeal, ineffective assistance of counsel for failing to file an appeal when requested, and that he was ineffective because of a conflict of interest. On December 14, 2011, this Court raised the issue of the timeliness of the petition and Petitioner filed his response on February 28, 2012, arguing that his petition should be tolled to be construed as timely because his counsel stated he would file an appeal but failed to do so.

**D.    Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion be denied and dismissed from the docket because Petitioner's claim is without merit.

### III.    ANALYSIS

**A.    Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B. Petitioner's Claim was Filed Outside the One-Year Statute of Limitations Because Judgment in His Case Became Final on April 29, 2009**

Prior to 1996, there was no time limitation on a federal prisoner's ability to collaterally attack his conviction in a §2255 motion. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)(citing United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000)). This changed in 1996 with the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA amended 28 U.S.C. § 2255 to provide a one-year limitations period for the filing of §2255 motions. Id. 28 U.S.C. § 2255's statute of limitations states that a one-year period of limitation shall apply to a motion under this section, and the limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

The Court also has the power to raise the issue of timeliness in habeas proceedings *sua sponte*. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).[1]

Although AEDPA does not define when a judgment of conviction becomes final, the Fourth Circuit has determined that a conviction is final on the date upon which Petitioner fails to pursue further direct appellate review. See id. at 142 (citing United States v. Torres, 211 F.3d

---

[1] Pursuant to the holding in Hill v. Braxton, if the timeliness of a petition is raised *sua sponte* the Court must give *pro se* petitioners notice and an opportunity to respond. Hill, 277 F.3d at 706-08. In this case, the Court gave Petitioner such notice on June 21, 2011, and Petitioner responded July 8, 2011.

4

836, 838 (4th Cir. 2000)). Petitioner's judgment order was entered on April 15, 2008. (Dkt. No. 144). Petitioner did not follow through with his appeal, therefore his conviction became "final" for the purposes of § 2255(f)(1) on April 29, 2008, fourteen days after the judgment of conviction. See Clay v. United States, 537 U.S. 522 (2003). Therefore, under the AEDPA, the petitioner had until April 29, 2009, to timely file a § 2255 motion. However, the petitioner did not file his petition until December 12, 2011, two years, seven months and thirteen days after the statute of limitations had already expired.

Although Petitioner argues that he is entitled to tolling, in order to be entitled to equitable tolling, he must show "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(citation omitted). The requirement that he prove he was prevented from timely filing by extraordinary circumstances beyond his control or external to his own conduct does not include the failure of his attorney to advise him of the statute of limitations or mis-advice from counsel. Id. Additionally, Petitioner offers no evidence that he has been pursuing his rights diligently. He has submitted nothing to show, for example, like the petitioner in Holland, that he repeatedly sought to have his attorney file a federal petition or have him replaced. Holland v. Florida, 130 S. Ct. 2549 (2010). Accordingly, this Court does not find that the petitioner's case is one of the rare instances where it would be unconscionable to enforce the limitation period against the party.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Petitioner's §2255 petition be **DENIED and DISMISSED WITH PREJUDICE**.

**On or before April 2, 2012**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to District Judge Irene M. Keeley. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 19, 2012

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE