**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**GIDEON R. BEATTY, IV,**

Petitioner,

**v.**                                          **CIVIL ACTION NO. 1:11-cv-196
CRIMINAL ACTION NO. 1:07-cr-66-05
(Judge Bailey)**

**UNITED STATES OF AMERICA,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on March 19, 2012 [Crim. Doc. 246; Civ. Doc. 12]. In that filing, the magistrate judge recommended that this Court deny the petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Crim. Doc. 220; Civ. Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket sheet reflects that service was accepted on March 21, 2012 [Crim. Doc. 247; Civ. Doc. 13]. The petitioner filed his objections on April 12, 2012 [Crim. Doc. 261; Civ. Doc. 14], which is twenty-two (22) days after receipt of the R&R. Even though the objections were not timely filed, this Court will consider the objections as if timely filed.

Upon review, it is evident that the petitioner's objections in no way address the content of the magistrate judge's R&R. Further, the objections put forth no substantial arguments. The petitioner merely asserts that he has a right to appeal, supporting this assertion by attaching two lengthy appendices. However, he has not made any factual connection to those cases he attached, nor has he made any substantial arguments demonstrating how the cases support his position. Further, he has not made any attempt to show evidence that he has been diligently pursuing his rights as required by ***Lawrence v. Florida***, 549 U.S. 327, 336 (2007).

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's R&R **[Crim. Doc. 246; Civ. Doc. 12]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, to the extent the petitioner titles his filing as Objections, that filing **[Crim. Doc. 261; Civ. Doc. 14]** is **OVERRULED**. Accordingly, the petitioner's Motion to Vacate under 28

U.S.C. § 2255 **[Crim. Doc. 220; Civ. Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**. Therefore, this case is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the pro se petitioner.

**DATED**: July 3, 2013

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE